William Frank Alderman v. State.

150 So. 251.
Opinion Filed September 18, 1933.

R. G. *Tittsworth* and *Whitaker Brothers,* for Plaintiff in Error;

Cary D. *Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

Per Curiam.—This writ of error was taken to a judgment of conviction and sentence to five years' imprisonment in the state prison, predicated upon the first count of an information purporting to charge embezzlement, sentence upon other counts of the information having been deferred by the trial court. The first count of the information charges "that William Frank Alderman, alias W. Frank Alderman, late of the County of Hillsborough aforesaid, in the State aforesaid, on the 1st day of October in the year of our Lord, one thousand nine hundred and twenty-nine with force and arms at and in the County of Hillsborough aforesaid, was then and there the agent and servant of the Dantzler Lumber and Export Company, a corporation, and did then and there have in his possession, care, custody and control certain property, to-wit: six thousand, six hundred, fifty-three dollars and ten cents in money, a further description of which is to the Acting Solicitor unknown, of the

value of six thousand, six hundred, fifty-three dollars and ten cents in money current of the United States of America, the property of the said Dantzler Lumber and Export Company, a corporation, and which said property had been entrusted to and had come into the possession, care, custody and control of the said William Frank Alderman, alias W. Frank Alderman, by reason of his employment as such agent and servant of the said Dantzler Lumber and Export Company, a corporation, as aforesaid, and did afterwards, to-wit: then and there, unlawfully and feloniously embezzle, fraudulently dispose of, and fraudulently convert to his own use, against the form of the Statute in such cases made and provided, to the evil example of all others in the like case offending and against the peace and dignity of the State of Florida."

The information in substance alleges that on October 1st, 1929, in Hillsborough County, Florida, the accused was the agent and servant of the Dantzler Lumber and Export company, a corporation, and did then and there have in his possession, care, custody and control certain property, to-wit: $6,653.10 in money, of the value of $6,653.10, the property of the said Dantzler Lumber and Export Company, a corporation, and which said property had been entrusted to, and had come into the possession, care, custody and control of the accused by reason of his employment as such agent and servant as aforesaid "and did afterwards, to-wit: then and there, unlawfully and feloniously embezzle, fraudulently dispose of, and fraudulently convert to his own use; against the form of the statute," etc.

. Even if the quoted count of the information charges with sufficient definiteness and directions that *the accused did* "unlawfully and feloniously embezzle," etc., there is no allegation that the accused embezzled any property, and for

that reason the count being fatally defective to charge an offense of embezzlement, the motion to quash should have been granted.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.